UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BROOKE L. ROLLINS, <br><br> Defendant. | Civil Action No. 25-1066 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Doe, Jane Doe 1, and Jane Doe 2 are civil servants who worked at the Department of Agriculture in jobs related to diversity, equity, and inclusion. See ECF No. 1 (Compl.), ¶¶ 9, 13, 18. Then President Donald Trump returned to office. On the first day of his new Administration, Trump issued an executive order that denounced federal DEI programs as "shameful discrimination," charged them with "immense public waste," and directed federal agencies to end them. See Exec. Order No. 14,151, 90 Fed. Reg. 8339 (Jan. 20, 2025). Days later, Plaintiffs were placed on administrative leave. See Compl., ¶¶ 11, 16, 20. The Office of Personnel Management then issued guidance that, Plaintiffs allege, shows that they would soon be fired and would be allowed to apply for reassignment only to other DEI-focused jobs — which, thanks to the recent Executive Order, no longer existed. Id., ¶¶ 22–23. Plaintiffs are challenging their placement on leave and OPM's guidance as violations of the Administrative Procedure Act and the First and Fifth Amendments. Id., ¶¶ 29–47. And they have moved to bring that challenge under pseudonyms. See ECF No. 2 (Mot.). For the reasons below, the Court will deny their Motion to proceed pseudonymously.

1

I.  **Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1.  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

II.  **Analysis**

Plaintiffs have not met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

Start with whether this case concerns "a matter of a sensitive and highly personal nature." Id. at 326 (cleaned up). Plaintiffs argue that it does because they fear that being outed as having worked on DEI programs will damage their professional prospects. See Mot. at 4. True, this factor favors pseudonymity when plaintiffs show that being publicly identified would inflict serious and substantiated professional damage. For instance, it favored pseudonymity for a doctor who was accused of misconduct that, if disclosed, would have prevented her from practicing. Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020). Ditto for someone who worked in national security and was accused of being a terrorist and a traitor. Doe v. Benoit, 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019). But when identification poses only an unsubstantiated or speculative professional risk, this factor cuts against pseudonymity. Doe v. FDA, No. 23-1389, ECF No. 7 (FDA Op.) at 4 (D.D.C. May 19, 2023); Doe v. DOJ, No. 23-1467, ECF No. 6 (DOJ Opp.) at 3–4 (D.D.C. June 1, 2023).

Plaintiffs' arguments fall on the wrong side of the line. They point out that the President has inveighed against DEI programs as "dangerous, immoral, and illegal" and that the Administration is seeking to purge the federal government of employees who worked on them. See Mot. at 4. But if they fear what would happen if the government discovered that they had worked on DEI, pseudonymity will not help. Their Complaint alleges that their employers already know that they had worked on DEI programs and so have already exiled them to administrative leave. See Compl., ¶¶ 11, 16, 20, 26. If Plaintiffs instead worry that other employers will refuse to hire anyone bearing the stigma of a DEI-related job, they offer no support for that speculation. Cf. DOJ Opp. at 3–4 ("Although Plaintiff contends that rational employers will refuse to hire her based on the FBI's letter, she offers no convincing explanation why.") (cleaned up). In the end, Plaintiffs are seeking to distance themselves from ordinary job

3

titles. That is information people usually include in their resumes or broadcast on LinkedIn, not a "matter of a sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (cleaned up).

Now consider "whether identification poses a risk of retaliatory physical or mental harm." Id. Plaintiffs assert that the answer is yes, but they do not offer much explanation. See Mot. at 2–3. If it is because the Administration has denounced DEI programs as discriminatory, the Motion never connects that fact to a substantiated risk that disclosing Plaintiffs' identities would expose them to physical or mental harm. This factor weighs against pseudonymity.

Turning to Plaintiffs' age, they are all adults. See Mot. at 5. They concede that this fact disfavors letting them proceed pseudonymously. Id.

As for factor (4), when plaintiffs sue the government, which way this factor cuts depends on the relief that plaintiffs seek. If they aim for programmatic relief that would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in their case "is intensified" and this factor cuts against pseudonymity. In re Sealed Case, 971 F.3d at 329. On the other hand, if plaintiffs seek only individualized relief — say, a judgment that their visas were improperly delayed or that they were unlawfully denied government benefits — then this factor favors pseudonymity. Doe v. Blinken, No. 24-1629, ECF No. 3 (Blinken Op.) at 5 (D.D.C. June 11, 2024).

Here, plaintiffs seek a programmatic ruling. True, they are seeking relief only as to themselves: an injunction against designating them as DEI staff, an order removing them from administrative leave, and damages to compensate them for professional harm. See Compl. at 15. But they argue that they are entitled to that relief because sanctioning employees for having

4

worked in DEI-related jobs violates the law. Id., ¶¶ 29–47. Any ruling in their favor would therefore "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to" a host of other federal employees who have also been punished for previously working on DEI programs. In re Sealed Case, 971 F.3d at 329. To be fair, Plaintiffs' complaint could be read as arguing only that punishing people in their position is unlawful — say, employees with their specific job titles. That reading would tip this factor in favor of pseudonymity, but it would not matter; even if this factor favors Plaintiffs, the overall balancing test still would not.

Finally, the last factor: whether letting Plaintiffs proceed pseudonymously would prejudice Defendant. Plaintiffs say that it would not, since "Plaintiffs' individual identities are not relevant to the merits of their claims." Mot. at 5. Even if that is true, the overall balance still weighs against granting their Motion to proceed under pseudonyms.

Plaintiffs want to proceed pseudonymously to distance themselves from their previous job titles. That information is not sensitive, Plaintiffs have not alleged credible fear of physical or mental harm, and they are adults. The Court will therefore deny their Motion.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion to File Pseudonymous Complaint is DENIED;
2. Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing their Complaint on the public docket using their real names, and, if so, they shall also file their [2] Motion on the public docket as an exhibit to the Notice;
3. If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 11, 2025

6